IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Case No. SAG-23-0166 |
| | * | |
| JAWARREN NICKENS | | |
| | ******* | |

### MEMORANDUM AND ORDER

On May 4, 2023, a grand jury returned a three-count indictment against Jawarren Nickens charging possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of ammunition by a person with a prior felony conviction. ECF 1. Currently pending is Mr. Nickens's Motion for Review of Detention Order ("the Motion"), ECF 18, which seeks reconsideration of the detention order issued by United States Magistrate Judge Beth P. Gesner on June 21, 2023. ECF 14. The Government filed an opposition to the Motion, ECF 21. This Court has also reviewed Mr. Nickens's Pretrial Services Report and has listened to the argument counsel presented during the detention hearing before Judge Gesner. No additional hearing is required. *See* Loc. R. 105.6 (D. Md. 2023); *United States v. Martin*, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (finding "ample authority for the conclusion that the Court may decide [an appeal of a detention or release order] on the filings ... as opposed to a hearing."). For the reasons that follow, Mr. Nickens's appeal will be denied.

I.   **Procedural History**

Upon Mr. Nickens's initial appearance in court on June 15, 2023, the government sought his pretrial detention. Judge Gesner held a detention hearing and ordered Mr. Nickens's detention. ECF 14. Mr. Nickens did not immediately appeal the detention order, but now seeks to appeal because his eligibility for the Roca program will expire when he turns 24 next month.

**II.      Standard of Review**

Pretrial detention and release are governed by the Bail Reform Act ("BRA"), 18 U.S.C. § 3141, *et seq.* Under that statute, the government is permitted to seek pretrial detention of a defendant charged with drug trafficking and firearms offenses. *Id.* The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart,* 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

The Court's determination is governed by four factors:

(1)     The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2)     The weight of the evidence against the person;

(3)     The history and characteristics of the person, including –

   (A)     The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)     Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III.   Analysis

Mr. Nickens was discovered in the driver's seat when federal agents executed a search warrant on a vehicle on February 27, 2023. Mr. Nickens was not the target of the warrant. However, when agents removed Mr. Nickens from the driver's seat of the car, a handgun fell from his lap onto the driver's seat. Moreover, 15.62 grams of cocaine were located in the driver's side door. At the time of his arrest on these drug and gun charges, Mr. Nickens had been released on probation for only two months for a conviction involving possession of a firearm in a vehicle.

Even if this Court assumes, without deciding, that Mr. Nickens has rebutted the statutory presumption in favor of detention in serious drug cases, this Court would not release Mr. Nickens under the factors described in 18 U.S.C. § 3142(a). The nature and circumstances of this offense are highly dangerous, as the events involved a loaded firearm in a vehicle in the lap of an individual with a criminal record. The weight of the evidence is extremely strong, as federal agents saw the gun fall from Mr. Nickens's lap onto the seat as they removed him from the car. While Mr. Nickens's history and characteristics certainly include more than his criminal record, in this case his recent criminal record provides powerful evidence of an unwillingness to comply with release conditions and refrain from involvement in criminal activity. And the danger posed to the community by Mr. Nickens's release is significant, given his continued possession of drugs and guns.

This Court understands the defense motivation to allow Mr. Nickens to participate in the Roca program before he is age-barred.  However, this Court must balance that potential benefit

with the danger that Mr. Nickens would pose to the community upon release. Mr. Nickens committed the instant offenses just two months after his release to state supervision for similar gun offenses. Thus, his prior history of failure to comply with court-imposed release conditions does not suggest that his compliance with this Court's conditions could be assured, even with his participation in the Roca program. In fact, while the Roca program does provide some degree of additional supervision over a defendant's conduct, it also requires the defendant to be outside of his approved residence to engage in various activities. Based on Mr. Nickens's prior, recent track record and the other § 3142 factors, this Court finds that there are no conditions or combination of conditions of release that would reasonably protect community safety if he were released from pretrial detention.

## CONCLUSION

For the reasons stated herein, Mr. Nickens's Motion for Review of Detention Order, ECF 18, is DENIED.

Dated: September 12, 2023                                    /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge